Trall *v.* Trall.

### SELDEN D. TRALL
### *v.*
### SALINA P. TRALL.

1. If a wife deserts without cause, and afterwards realizes that she has acted foolishly, and would return if the way was opened for her, but her husband refrains from doing anything to induce her to return, for the purpose of making her absence a ground of divorce, her desertion is not obstinate.

2. But a husband is not bound to attempt to induce his wife to return, when it is clear any effort in that direction will be unavailing.

On petition and proofs and order to show cause why decree of divorce should not be set aside.

*Mr. F. C. Marsh* and *Mr. Spencer*, for petitioner.

*Mr. Garret Ackerson, Jr.*, contra.

THE VICE-CHANCELLOR.

This is an application to set aside a decree of divorce, founded on desertion, in order that the defendant may be afforded a further opportunity to make defence. The defendant had actual notice of the suit, and consulted counsel as to whether she could make a successful defence or not. She did not answer, and a decree passed against her on proofs taken *ex parte*. She now alleges surprise and merits. The important question is, Has she shown merits?

For, if she has, a slight case of surprise, or possibly even a desire to defend, will be sufficient to induce the court to hear her defence.

The proof of desertion, on the defendant's own showing, is overwhelming. She deserted her husband because he would not permit her to usurp his rights. He wanted to board with their son, and she wanted to keep house, and, because he would not submit to her will in this respect, she left him. When she left, she did not disclose where she was going, nor how long she intended to stay. While absent she attempted to conceal her residence from him. Her manner of life while away was a constant assertion of complete emancipation and independence. She engaged in business, set up a separate establishment, and, when in want and suffering, proudly refrained from asking for what she had a right to demand, if she still regarded herself as a wife. And even after her husband had brought suit, and she had been advised by her counsel that she might defeat his action by returning to him, she expressed strong repugnance to adopting the course advised. She had, in the most unmistakable and offensive manner, thrown off everything like allegiance and duty to her husband. She is a woman of implacable temper and obstinate will, and her desertion seems to have been without cause or even excuse.

The only point upon which I have felt the slightest doubt is, whether the husband did all that he ought to have done to induce the defendant to return. Even if a wife deserts without cause, and afterwards realizes that she has acted hastily or foolishly, and would return if the way was opened for her, but the husband refrains from doing anything to induce her to return, for the purpose of making her absence a ground of divorce, her desertion is not obstinate, and not, therefore, a ground of divorce. *Bowlby* v. *Bowlby, 10 C. E. Gr. 406 ; S. C. on appeal, 10 C. E. Gr. 570 ; Taylor* v. *Taylor, 1 Stew. 207 ; Cornish* v. *Cornish, 8 C. E. Gr. 208.*

In such a case she remains away, not of her own will, but because she cannot get back without danger of being

repulséd or subjected to the pain of a humiliation that no husband has a right to inflict upon his wife. But a careful study of the temper and disposition of this woman, as portrayed in the evidence, has satisfied me that any effort on the part of her husband to induce her to return, would most probably have resulted in strengthening her determination to remain away. She admits that he did ask her to return and live with him, but that she refused to do so at their old home.

The case is a very sad one. The parties are both well advanced in, years. Their married life covers a period of more than thirty years. The ties that once bound them together were strengthened by the birth of a child, who is now a man. I think most husbands and wives' would regard death as a much more preferable termination of thirty years of married life, than a divorce. But the question presented for judgment is one of blended law and fact, and not of sentiment or feeling, and must be decided by the law and the facts. Nothing has been shown which, in my judgment, entitles the defendant to have the judgment already pronounced against her set aside.